[Cite as *State v. Evans*, 2017-Ohio-2812.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

State of Ohio/City of Maumee          Court of Appeals No. L-16-1148

      Appellee          Trial Court No. 15CRB00973

v.

Dax Evans          **DECISION AND JUDGMENT**

      Appellant          Decided:  May 12, 2017

* * * * *

John B. Arnsby, City of Maumee Prosecuting Attorney, and
Brenda J. Majdalani, Special Prosecutor, for appellee.

Myron P. Watson, for appellant.

* * * * *

**OSOWIK, J.**

{¶ 1} This is an appeal from a December 16, 2015 judgment of the Maumee

Municipal Court, Lucas County, Ohio, denying appellant's motion for the release and

return of monies seized in the course of a traffic stop on the Ohio Turnpike.  The

underlying traffic stop culminated in traffic and drug offenses being filed against

appellant.  This appeal is limited to the propriety of the trial court's denial of the motion

for the release of the confiscated property. For the reasons set forth below, this court affirms the judgment of the trial court.

{¶ 2} Appellant, Dax Evans, sets forth the following assignment of error:

No. I: The Trial Court Erred When It Denied The Appellant's Motion To Return Property Illegally Seized By The Ohio State Highway [Patrol].

{¶ 3} The following undisputed facts are relevant to this appeal. On November 7, 2015, appellant was traveling westbound on the Ohio Turnpike in Lucas County, Ohio. Upon initiating a traffic stop for a speeding violation, the responding Ohio State Highway Patrol officer detected a strong odor of marijuana upon approaching the subject vehicle. Accordingly, a search of the vehicle was conducted. During the search, the officer recovered a duffel bag containing cash monies in the amount of $208,275.

{¶ 4} Faced with these facts and circumstances, the officer confiscated the property given the probability that the monies constituted proceeds of felonious criminal activity. On November 16, 2015, appellant filed a motion for the return of the monies in the Maumee Municipal Court. Shortly thereafter, on November 23, 2015, the state of Ohio filed a civil asset forfeiture complaint regarding the same confiscated monies in the Lucas County Court of Common Pleas.

{¶ 5} On December 16, 2015, the Maumee Municipal Court conducted an evidentiary hearing on the pending motion. The municipal court ruled in pertinent part, in denying the motion, "However, now that there is a case that is pending in the Common Pleas Court exactly on this issue, I think it is incumbent upon this Court to defer to the Common Pleas Court." This appeal ensued.

2.

{¶ 6} In the sole assignment of error, appellant maintains that the trial court erred in not granting appellant's motion for the return of the property despite a civil asset forfeiture complaint pending on the same subject property, arising from the same incident, in a court of higher jurisdiction. We do not concur.

{¶ 7} R.C. 2981.05(A) expressly authorizes appellee to commence the common pleas civil asset forfeiture proceeding, which then supersedes the Maumee Municipal Court in connection to confiscated property disputes.

{¶ 8} R.C. 2981.05(A) establishes in relevant part, "The prosecutor of the political subdivision in which the property described * * *is located may commence a civil forfeiture action under this section by filing in the court of common pleas of the county in which the property is located."

{¶ 9} In conjunction with the above, R.C. 1901.17 establishes that the jurisdiction of municipal courts in the state of Ohio is expressly confined to, "[T]hose cases in which the amount claimed by any party, or the appraised value of the personal property sought to be recovered, does not exceed fifteen thousand dollars."

{¶ 10} In contrast to the above- referenced governing jurisdictional provisions, the record in this case reflects that the value of the property involved, comprised of cash monies, to be $208,275. This amount exceeds the maximum amount in controversy for municipal court jurisdiction by $193,275.

{¶ 11} Based upon the facts and circumstances of this case, when considered within the governing statutory guidelines, we find that the Maumee Municipal Court correctly deferred to the Lucas County Court of Common Pleas, a court of higher

3.

jurisdiction, on the subject of appellant's motion seeking the return of the $208,275 in cash seized from appellant's vehicle in the course of the underlying traffic stop. Further, the amount in controversy vastly exceeds the municipal court jurisdictional maximum.

{¶ 12} Wherefore, we find appellant's assignment of error not well-taken. The judgment of the Maumee Municipal Court is hereby affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Arlene Singer, J.                          _____
                                                          JUDGE
Thomas J. Osowik, J.

                                          _____
Christine E. Mayle, J.                                    JUDGE
CONCUR.

                                          _____
                                                          JUDGE

This decision is subject to further editing by the Supreme Court of
Ohio's Reporter of Decisions. Parties interested in viewing the final reported
version are advised to visit the Ohio Supreme Court's web site at:
http://www.sconet.state.oh.us/rod/newpdf/?source=6.